UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SCOTT DARYLL RUED; LEAH JEAN
RUED; JOSEPH DARYLL RUED on
behalf of W.O.R., minor
child,

        Plaintiff,

v.                                    Case No: 2:26-cv-01060-JES-NPM

SCOTT S. HARRIS, PIPA
FISHER, JOHN ROBERS,
CLARENCE THOMAS, SAMUEL
ALITO, SONYA SOTOMAYOR,
ELENA KEGAN, NEIL GORSUCH,
BRETT KAVANAUGH, AMY CONEY
BARRETT, KETANJI BROWN,
ATTORNEY GENERAL TODD
BLANCHE, GREGORY KEHOE, KASH
PATEL, DONALD TRUMP,

        Defendants.

---

## OPINION AND ORDER

This matter comes before the Court on review of the *pro se* Complaint for Injunctive and Declaratory Relief (Doc. #1) filed on April 7, 2026. Plaintiffs Scott and Leah Rued are in Bonita Springs, Florida, while Joseph is located in Eden Praire, Minnesota. Joseph Daryll Rued is appearing on behalf of a minor child although the Complaint does not clearly state whether he is the legal guardian, parent, or other authorized representative.

The 205-page Complaint presents a stream of consciousness of unfiltered and disjointed thoughts and legal citations with causes of action having no connection to the Middle District of Florida other than the residence of plaintiffs.  It would appear, one or more of the plaintiffs sought to file documents with the United States Supreme Court in 2023, on behalf of a minor, possibly identifying the minor by name in the documents, and without representation for appeals stemming from a decision by the 8th Circuit Court of Appeals.  The filings were rejected and returned pursuant to a Supreme Court rule.  (Doc. #1, pp. 121-125.)  The documents were eventually docketed.  (Id. at 124-125.)  Starting in August 2025, similar issues arose for other filings causing problems with critical deadlines.  (Id. at 125, 133-134.) Plaintiffs incorporate most of the preceding paragraphs on page 140, alleging that U.S. Sup. Ct. R. 9.1 does not apply to plaintiffs and Scott Harris and Pipa Fisher's rejection of a writ of prohibition on the basis of the Rule was a violation of their Fifth Amendment rights and a usurpation of judicial authority. (Id. at 140-150.)  Plaintiffs assert that the justices of the Supreme Court violated the separation of powers by delegating such authority to the Clerk.  150-152.)  Plaintiffs assert that Todd Blanche and Gregory Kehoe have a duty to support the Constitution, id. at 153, 165-166, 167-168, as well as the President, the

Director of the FBI, the Attorney General of the United States, and the U.S. Attorney for the Middle District of Florida, id. at 154, 169-170.  Plaintiffs challenge a federal statute.  (Id. at 175-176.)  Starting on page 186, plaintiffs list their causes of action as (1) the unlawful application of U.S. Supreme Court Rules in violation of the Constitution by Scott Harris and Pipa Fisher; (2) the failure to train/supervise to comply with constitutional requirements by the U.S. Supreme Court justices; (3) in their individual capacities, the failure to exercise supervisory authority over the actions of those identified in Counts I and II by Todd Blanche and Gregory Kehoe; (4) in their official capacities, the acts in Count III; and (5) "FCIAA1983" is unconstitutional.

"A complaint is a shotgun pleading if it contains pervasive conclusory and immaterial facts not obviously connected to a specific claim or asserts multiple claims without specifying who is responsible or which persons the claim is brought against. [] A shotgun pleading makes it virtually impossible to know which allegations of fact are intended to support which claims for relief."  Brown v. Columbus Police Dep't, No. 23-11896, 2024 WL 3451862, at *6 (11th Cir. July 18, 2024).  "Shotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and

3

unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources. Moreover, justice is delayed for the litigants who are 'standing in line,' waiting for their cases to be heard." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997).

There are four types of shotgun pleadings: (1) a complaint with multiple counts where each count adopts all preceding counts "causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) "a complaint that … is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that fails to separate into separate counts each claim for relief; and (4) "there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321–23 (11th Cir. 2015).

The cumbersome Complaint contains conclusory, vague, and broad statements that fail to connect to a particular defendant or a particular cause of action.  In sum, the complaint violates Federal Rules of Civil Procedure 8 and 10.  Rule 8 of the Federal

Rules of Civil Procedure requires that a complaint include a "short and plain statement of the claim" with "simple, concise, and direct" allegations. Fed. R. Civ. P. 8(a)(2), (d)(1). Rule 10 of the Federal Rules further provides that claims must be in numbered paragraphs and "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count[.]" Fed. R. Civ. P. 10(b). *Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers. Nevertheless, *pro se* litigants are not exempt from complying with the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s pleading standard. GJR Investments, Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) ("Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as de facto counsel for a party, [] or to rewrite an otherwise deficient pleading in order to sustain an action[.]" (internal citations omitted)), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 706 (11th Cir. 2010); see also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) (stating that *pro se* litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure"). As currently presented, the Complaint does not contain a short or plain statement of the causes of action. Therefore, the Complaint will be dismissed with leave to amend.

In amending, plaintiffs should endeavor to comply with the Federal Rules of Civil Procedure.  Under Rule 8(a),

> A pleading that states a claim for relief must contain:
>
> **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).  Under Rule 10(b),

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b).  Plaintiffs should specify the Court's basis for subject matter jurisdiction, and the legal basis for claims with supporting facts as to each claim.  Plaintiffs should include references to the federal laws and/or sections of the United States Constitution that have been violated for each defendant and that are actionable.  For additional resources and assistance, plaintiff may wish to review the form complaints available on the

Court's website, for example https://www.uscourts.gov/forms/pro-se-forms/complaint-violation-civil-rights-non-prisoner.[1]

Accordingly, it is hereby

**ORDERED:**

The Complaint (Doc. #1) is **dismissed without prejudice** as a shotgun pleading.  Plaintiffs may file an amended complaint within **THIRTY (30) DAYS** of this Opinion ad Order.  If no amended complaint is filed, the case will be closed without further notice or order.

**DONE AND ORDERED** at Fort Myers, Florida, this __20th__ day of April 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies:
Plaintiffs

---

[1] The website has tips, answers to frequently-asked questions, and sample forms.  There is also a link that may help plaintiff generate the amended complaint.