**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

SCOTT DARYLL RUED, *et al*,
     Plaintiffs,

v.                                  2:26-cv-1060-JES-NPM

SCOTT S. HARRIS, *et al*,
     Defendants.

---

### ORDER

Pro se plaintiffs Scott Rued, Leah Rued, and Joseph Rued request permission to file papers via our CM/ECF system. But the system contains confidential and other sensitive information, and so access is generally restricted. *See* Administrative Procedures for Electronic Filing (Aug. 1, 2025) for the United States District Court, Middle District of Florida.

Even incarcerated or civilly committed pro se parties routinely litigate their matters by mail. So, to present a colorable request for CM/ECF access, a pro se litigant must show that "extenuating circumstances exist to justify waiving CM/ECF procedures." *Huminski v. Vermont*, No. 2:13-cv-692-FTM-29, 2014 WL 169848, *4 (M.D. Fla. Jan. 15, 2014); *see also McMahon v. Cleveland Clinic Found. Police Dep't*, 455 F. App'x 874, 878 (11th Cir. 2011) (affirming denial of CM/ECF access for pro se litigant because there was "no good cause under the circumstances of the case to authorize his access"). At a minimum, this would include both financial and

physical barriers that make it extraordinarily difficult to acquire postage and submit envelopes to a mail carrier, and to otherwise deliver papers to the court.

The request would need to be verified (submitted under oath) and corroborated by affidavits from medical and other sources. Moreover, the applicant would need to demonstrate the absence of misuse of the judicial system by (1) identifying every state and federal case to which he or she is or was a pro se party; and (2) discussing the absence or presence of any adverse orders in those cases that dismissed any frivolous claims, dismissed any actions for failure to prosecute or to abide by court orders, or imposed any sanctions for such conduct such as a screening procedure before items would be accepted for filing.

For failing to meet this standard, the motion for CM/ECF access (Doc. 12) is **DENIED**.[1]

ORDERED on April 21, 2026

_____
NICHOLAS P. MIZELL
United States Magistrate Judge

---

[1] Plaintiffs are reminded that Fed. R. Civ. P. 5(b)(2)(C) provides that service by mail is complete upon mailing, and that this court considers all parties to have consented to service by email unless a party justifies an express objection to such form of service in the Case Management Report.