UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SCOTT DARYLL RUED, LEAH JEAN RUED, JOSEPH DARYLL RUED, AND W.O.R., A MINOR CHILD

Plaintiffs,

v. Case No.: 2:26-cv-1060-SPC-NPM

SCOTT S. HARRIS, AN ACTOR UNDER COLOR OF FEDERAL LAW IN INDIVIDUAL CAPACITY; PIPA FISHER, AN ACTOR UNDER COLOR OF FEDERAL LAW IN INDIVIDUAL CAPACITY; ET AL;

Defendants,
_______________________________/

**OPINION AND ORDER**

Before the Court is a Motion for Time-Sensitive Temporary Restraining Order and a Motion for Preliminary Injunction (Doc. 29) filed by Plaintiffs against Defendants Scott Harris and Pipa Fisher, employees of the Clerk of Court for the United States Supreme Court. Plaintiffs seek a temporary injunction to be issued by noon today to prevent Defendants from rejecting Plaintiffs' Petition for Rehearing by applying Supreme Court Rule 9.1 to reject the filing. For the many reasons stated below, the motion is denied.

The Court may issue a temporary restraining order without notice to Defendants only if "specific facts in an affidavit or a verified complaint" are

provided and Plaintiffs certify the effort made "to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b). In addition, Plaintiffs must include "a precise and verified explanation of the amount and form of the required security" and a proposed order. M.D. Fla. R. 6.01(a)(4), (6). To obtain a temporary restraining order, Plaintiffs must show: (1) a "substantial likelihood of ultimate success on the merits;" (2) that relief is necessary to "prevent irreparable injury;" (3) that the "threatened injury outweighs the harm" to Defendants;" and (4) because it would serve the public interest. *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995) (citation omitted).

The Court's analysis begins and ends with the first requirement. "A substantial likelihood of success on the merits requires a showing of only *likely* or probable, rather than *certain,* success." *Schiavo ex rel. Schindler v. Schiavo*, 357 F. Supp. 2d 1378, 1383 (M.D. Fla.), *aff'd*, 403 F.3d 1223 (11th Cir. 2005) (citations omitted). "Significantly, even if Plaintiffs establish a likelihood of success on the merits, the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (collecting cases).

Plaintiffs state that Defendants prevented them from identifying or filing on behalf of the minor child and returned their Petition for Rehearing because it included the minor child. Plaintiffs argue that their constitutional rights, including the right to redress, are at stake and that judicial immunity

does not bar injunctive relief. "The Supreme Court shall have the power to prescribe general rules of practice and procedure and rules of evidence for cases in the United States district courts (including proceedings before magistrate judges thereof) and courts of appeals." 28 U.S.C. § 2072(a). "To determine whether a Rule is valid under the Rules Enabling Act, the only question is whether it 'really regulates procedure.'" *Berk v. Choy*, 607 U.S. 187, 199 (2026). "Rules regulating matters indisputably procedural are . . . constitutional." *Burlington N. R.R. Co. v. Woods*, 480 U.S. 1, 5 (1987).

Under U.S. Supreme Court Rule 1, "[t]he Clerk receives documents for filing with the Court and has authority to reject any submitted filing that does not comply with these Rules." Sup. Ct. R. 1.1. Defendants rejected a filing because "[a]n attorney seeking to file a document in this Court in a representative capacity must first be admitted to practice before this Court[.]" Sup. Ct. R. 9.1. Plaintiffs may file the document if they comply with Rule 9.1. The Court finds that Plaintiffs have not shown a likelihood of success on the merits. Further, actual injury is a prerequisite to an access-to-courts claim, *Johnson v. Brown*, No. 22-11812-E, 2022 WL 17176390, at *1 (11th Cir. Sept. 28, 2022), and there is no absolute right to appeal, *Wainwright v. Torna*, 455 U.S. 586, 587 (1982).

Accordingly, it is now

**ORDERED**:

Plaintiffs' Motion for Time Sensitive Temporary Restraining Order and Motion for Preliminary Injunction (Doc. 29) is **DENIED** as to the temporary restraining order and **DENIED** without prejudice as to the preliminary injunction pending Defendants' response to the Amended Complaint.

**DONE and ORDERED** in Fort Myers, Florida, on July 27, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record